UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Jose Fernandez,

                Plaintiff,

    -Against-

New York State Department Of Corrections, et al.,
Sued in their Individual Capacities,
                Defendants.

CIVIL ACTION
COMPLAINT

CV No. 07-1916 (JS)

JURY TRIAL DEMANDED
[✓]

9:08-cv-1050
(JAM)

## Preliminary Statement

This is a civil rights action filed by Jose Fernandez, a prisoner for damages and Injunctive relief under **42 U.S.C. § 1983**; alleging neglect by the State of New York Department Of Corrections. In violation of the Eighth (8) Amendment to the United States Constitution. The Plaintiff also alleges the state tort of Negligence; Intentional Infliction of Emotional Pain and Suffering and Loss of Consortium in violation of the United States Constitution. The Plaintiff seeks Attorney Fees pursuant to the applicable Federal and State Laws under **42 U.S.C. § 1988; CPLR § 8601 & Judiciary Law § 474-a.**

## Jurisdiction

1.     The court has jurisdiction over plaintiffs claims of violation of Federal Constitutional rights under **28 U.S.C. §§ 1331(a); 1343 and 2201**.

2. The court has supplemental jurisdiction over plaintiff's state law tort claims under **28 U.S.C. §1367**.

### Parties

3. The Plaintiff, Jose Fernandez was incarcerated at the Eastern N.Y. Correctional Facility during the events described in this complaint. Plaintiff is now a state prisoner and resides at Eastern N.Y. Correctional Facility, P.O. Box 338, Napanoch, New York 12458-0338.

4. Defendant is the New York State's Department Of Correctional Services, and is responsible for the overseeing of Eastern New York Correctional Facility, wherein Plaintiff is incarcerated and the incident occurred. The description of incident from which this civil action stems from is as follow.

5. On June 14, 2008, Plaintiff attended the St. Jude's Catholic family day event at Eastern New York Correctional Facility. At the end of said event Plaintiff was subjected to a strip frisk. Plaintiff complied. Upon bending over at the waist to expose my anus to officer, Plaintiff was directed to bend over again, hold open my buttocks until notification to do otherwise. Plaintiff stood bent over with my buttocks spread for approximately 30 seconds while the officer conducting the strip search examined Plaintiff's

cavity area with a big-battery-operated flashlight[1] on. Plaintiff inquired if utilizing a flashlight to examine his anal area was a new procedure. Said officer's response was "I have strict orders to do this per Captain Leghorn".

6. On June 16th, 2008 Plaintiff filed an institutional grievance with the facility's Grievance Office[2]. Annexed hereto as Exhibit 1 please see Plaintiff's Grievance.

7. On Friday June 20th, 2008 the facility's Superintendent [William D. Brown] and the deputy Superintendent for Security [T. Griffin] held a call out for approximately twenty-six inmates including Plaintiff, in a room located in the facility's Guard Room Floor. All twenty-six inmates were present and the Deputy Superintendent for Security advised that the use of a flashlight during the strip search at the end of the event was inappropriate, and would not happen again.

8. On July 9th, 2008 the Superintendent rendered a decision holding **"the facility administration has conducted a proper investigation, and staff have submitted written statements. It is noted that the strip frisks at the completion of the June 14, 2008 St. Jude's Catholic Family day event were conducted in accordance with**

---

[1] The description of the flashlight was black and red, with a battery adjusted to the based area of the same.
[2] Because of the amount of grievances filed by inmates who were strip searched at the St. Jude's Catholic event, the Inmate Grievance Program Supervisor consolidated all the grievances under the name of inmate Vasquez, G. (ECF #23005-08)

department policy and Directive 4910, and that staff are trained in frisk procedures. It is noted, however, that the use of flashlights in this instant case was inappropriate and the administration has taken corrective action where warranted". See Superintendent's decision annexed hereto as Exhibit 2.

9. Plaintiff appealed said decision to the Center Of Resolution Committee. On August 27th, 2008, K. Bellamy, Director of Center Of Resolution Committee rendered a decision. The decision was as follow:

> **GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART**
>
> Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.
>
> CORC notes that this matter has been properly investigated by the facility administration and the employee in question has denied any improper action. Contrary to the grievant's assertions, CORC has not been presented with sufficient evidence to substantiate any malfeasance by the employee referenced in this instant complaint.
>
> CORC notes that Superintendent B....and DSS G...met with the grievants regarding their concerns and provided each grievant with an opportunity for an individual interview. CORC further notes that the grievance was processed in accordance with Directive #4040 Section 701.10. CORC upholds the discretion of the IGP Supervisor to consolidate like grievances. The grievants had the opportunity to select three or four spokespersons and forward the names to the IGP Supervisor. CORC

> advised grievant Alm...that there is no mandate in Directive #4040 to review staffs written statements. Additionally, he was subjected to a strip frisk as he was present at the festival. CORC advises grievant Riv...to address his concerns to the Office of Mental Health.
>
> CORC notes that the flashlight was used to assist staff in the performance of their duties, enhancing visibility for the detection of contraband in a poorly lighted environment, and was not intended to harass or annoy the grievants. CORC upholds the discretion of the facility administration in posting memos.
>
> CORC notes that Directive #4040, Section 701.1, states, in part, that the grievance program is not intended to support an adversary process and Section 701.6(b) states, in part, that no reprisal of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism. CORC further notes that Directive #4040, Section 701.6(k)(1), states in part...no copies of the grievance documents may go into an employee's file without the direct written consent of the employee.

See CORC's decision annexed hereto as Exhibit 3.

10. It is well settled law as the agreement made in the case of Hurley v. Coughlin, 158 F.R.D. 22 (S.D.N.Y. 1993), that the Department Of Correctional Services should not deviate from the terms of the Consent Decree enunciated in July 21, 1983, by signed agreement between United States District Judge, Robert L. Carter; the Assistant Attorney Generals, Tarquin Bromley, Robert Abrams; Prisoners' Legal Services of New York, David Leven; and Washington Square Legal services, Claudia Angelos

[Intervenor]. Said agreement set forth the standards by which the Department Of Correctional Services personnel may conduct strip frisks of inmates, i.e., for a male this involves one or more of the following procedures "<u>**opening his mouth and moving his tongue up and down from side to side, removing any dentures, running his hand through his hair, allowing his ears to be visually examined, lifting his arms to expose his arm pits, spreading his fingers, lifting his feet, lifting his testicles to expose the area behind his testicles and bending and/or spreading the cheecks of his buttocks to expose his anus to the frisking officer**</u>"

11.   <u>Campos v. Coughlin</u>, 845 F.Supp 194 (SDNY 1994), at 207 (Plaintiff's free exercise of their religion cannot be contingent on administrative inconveniences, where such inconveniences are no greater than those presented by all prison rules). Here, Plaintiff faith has been infringed as a result of the Defendant's deliberate, degrading and inhumane actions in subjecting Plaintiff to said type of strip frisk, i.e., beaming just his [Plaintiff] anus with the hand-held-flood-light at a time when Plaintiff was participating in his Catholic religious congregation. As a result, Plaintiff had deterred from participating and/or attending Catholic services here at Eastern Correctional Facility. It has been long settled, also, "violations of First

7

8

Amendment rights are recognized as constituting an irreparable injury" Id. At 204 [quoting: **Elrod v. Burns**, **427 U.S. 347, 373, 96 S.Ct. 2673 (1976)**]

# Relief Requested

***WHEREFORE***, Plaintiff(s) requests that the court grant the following relief:

**Award compensatory damages in the following amounts:**

1. Judgment against Defendant in the amount of five million dollars ($5,000,000.00) for physical [sexual harassment]

**Award punitive damages in the following amounts:**

3. *Award* Plaintiff Attorney Fees pursuant to the applicable federal and state laws under **42 U.S.C. § 1988; CPLR § 8601 & Judiciary Law § 474-a.**

Grant such other relief as it may appear that Plaintiff @ is entitled to.

Pursuant to **28 U.S.C.A. § 1746** I declare under the penalty of perjury that the foregoing is true and correct.

Dated: September 20th, 2008

Respectfully Submitted,

*/s/ Jose Fernandez*
Jose Fernandez